IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHARLES R. CHILDRESS and**<br>**MICHELLE E. CHILDRESS,**<br><br>      **Plaintiffs,**<br><br>v.<br><br>**BANK OF AMERICA, N.A., et al.,**<br><br>      **Defendants.** | )<br>)<br>)<br>)<br>) Case No. 13-2563-CM<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM AND ORDER**

Plaintiffs Charles R. and Michelle E. Childress bring this action, pro se, claiming that defendants improperly foreclosed on their property. Defendants filed motions to dismiss (Docs. 39 and 47). In their motions, defendants argue that the court lacks jurisdiction over plaintiff's claims under the *Rooker-Feldman* doctrine, and alternatively argue that the claims are precluded by res judicata or collateral estoppel. For the following reasons, the court dismisses the case for lack of jurisdiction and need not reach the questions of res judicata and collateral estoppel.

Plaintiffs' claims relate to a home loan on property located at 7054 W. 163rd Terrace in Stillwell, Kansas. On January 11, 2011, some of the defendants in this case filed a foreclosure action against plaintiffs in state court. The state court entered a judgment of foreclosure in March 2013, and plaintiffs did not appeal. Instead, before the scheduled sale of the property (which has since been postponed), plaintiffs filed this federal action.

In this action, plaintiffs assert claims for wrongful foreclosure, quiet title, and fraud. They ask the court to declare that the foreclosure was wrongful, declare that plaintiffs are the rightful owners of the property, vacate the mortgage, and prohibit defendants from selling the property. Although much of plaintiffs' complaint is unintelligible, the court has reviewed it at length and liberally construes it.

*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). The court, however, will not "assume the role of advocate" for a pro se party. *Id.*

The fundamental problem with plaintiffs' case is that it is, in essence, an appeal of a state court judgment. But the court lacks jurisdiction to hear these types of claims under the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923); *see also Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 706–07 (10th Cir. 2004). This doctrine "prohibits federal suits that amount to appeals of state-court judgments." *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006). It applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Plaintiff's claims and requested relief fall squarely within the scope of the *Rooker-Feldman* doctrine. Plaintiffs believe that defendants failed to follow proper foreclosure procedures. (*See, e.g.*, Doc. 1 at 11 (listing defendants' alleged unfair and deceptive practices).) They claim that defendants fraudulently led them down the road to foreclosure. (*See, e.g.*, *id.* at 6 ("The Defendants clearly misled and coerced the Plaintiffs into a position that they could not rectify so Defendants could proceed in the foreclosure action.").) And plaintiffs maintain that their home should not be subject to foreclosure. (*See, e.g.*, *id.* at 22 ("Defendants engaged in a fraudulent and wrongful foreclosure of the Subject Property in that the Foreclosing Defendants did not have the legal authority to foreclose on the Subject Property and, alternatively, the loan was fraudulently originated and funded without full disclosure of all the terms and all the conditions of the obligation.").)

In sum, plaintiffs complain about the foreclosure process and of injuries caused by the state court judgment. If the court were to find in plaintiffs' favor, it would negate the state court foreclosure. (*See, e.g.*, *id.* at 24 ("As Defendants did not have any legal ownership or interest in the Subject Property on the date of foreclosure, allegedly obtained the Subject Property through fraud and wrongful conduct, and failed to adhere to the strict statutory requirements to effectuate the foreclosure sale of the Subject Property, the foreclosure sale was void and invalid. Therefore, the Subject Property is still Plaintiff's property.").) This is not allowed, and the court determines that it lacks subject matter jurisdiction to hear plaintiffs' case. *See, e.g.*, *Dillard v. Bank of N.Y.*, 476 F. App'x 690, 691 (10th Cir. 2012) (finding claims for review and rejection of state court foreclosure proceedings barred by the *Rooker-Feldman* doctrine); *Orcutt v. Libel*, 381 F. App'x 866, 868 (10th Cir. 2010) (finding claims "'inextricably intertwined' with . . . foreclosure decisions because they 'assert injuries based on the [state court decisions] and, for [the plaintiff] to prevail, would require the district court to review and reject those [decisions]'" (citation omitted)); *Pennington v. EquiFirst Corp.*, No. 10-1344-RDR, 2011 WL 322818, at *6 (D. Kan. Jan. 31, 2011) ("Plaintiffs claim that because of fraud and misrepresentations made in the course of the state foreclosure proceedings, plaintiffs' property was lost without due process and defendants were unjustly enriched. These are claims that have either been decided by the state court in the foreclosure action or are inextricably intertwined with the state foreclosure proceedings.").

For these reasons, the court dismisses the case for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiffs' Complaint (Doc. 39) is granted.

**IT IS FURTHER ORDERED** that the Renewed Motion of Defendants Stephanie L. Mendenhall and Brian R. Hazel to Dismiss Plaintiffs' Complaint (Doc. 47) is granted.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Temporary Restraining Order and Temporary Injunction (Doc. 3) is denied as moot.

The case is closed.

Dated this 12th day of June 2014, at Kansas City, Kansas.

s/ Carlos Murguia<br>
**CARLOS MURGUIA**<br>
**United States District Judge**