IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHARLES R. CHILDRESS and<br>MICHELLE E. CHILDRESS,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)   Case No. 13-2563-CM<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

Plaintiffs Charles R. and Michelle E. Childress brought this action, pro se, claiming that defendants improperly foreclosed on their property. The court dismissed the case under the *Rooker-Feldman*[1] doctrine. Plaintiffs now ask the court to reconsider that decision. In a newly-raised argument, plaintiffs contend that the *Rooker-Feldman* doctrine does not bar claims of fraud.

Plaintiffs titled their motion a "Motion to Reconsider" (Doc. 62). But the order (and judgment) plaintiffs seek to have reconsidered is dispositive, making either Federal Rule of Civil Procedure 59(e) or 60 the proper vehicle for relief. *See* D. Kan. Rule 7.3(a) ("Parties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60.").

Motions for reconsideration "filed within [twenty-eight days] of the district court's entry of judgment . . . [are] treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e)." *Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995) (applying an earlier version of Rule 59(e), when the deadline was ten days instead of twenty-eight). Motions filed outside Rule 59(e)'s twenty-eight-day time period are examined under Rule 60(b). *Id*. Plaintiffs filed their motion within twenty-eight days, so the court considers plaintiff's motion under Rule 59(e).

---

[1] *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923).

In any event, the grounds justifying an alteration, amendment, or reconsideration are essentially the same: (1) a change in law; (2) new evidence; and/or (3) the necessity of correcting clear error or preventing manifest injustice. See D. Kan. R. 7.3(b) (listing factors for reconsideration); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (listing Rule 59(e) factors); *Priddy v. Massanari*, No. 99-4195-DES, 2001 WL 1155268, at *2 (D. Kan. Sept. 28, 2001) (observing that the factors for reconsideration and Rule 59(e) are the same). "Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination." *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) (citations omitted).

Plaintiffs have not met this standard. They have offered no change in law, new evidence, or suggestion of clear error/manifest injustice. They merely cite an unpublished case from the District of New Jersey that states, "Fraud in the procurement of a judgment is an 'independent claim' that is not barred by *Rooker-Feldman*." (Doc. 62 at 2 (quoting *Frame v. Lowe*, No. 09-2373 (RBK AMD), 2010 WL 503024, at *6 (D.N.J. Feb. 8, 2010)).) This is the first time that plaintiffs have raised this argument. A Rule 59(e) motion is not the appropriate place to make a new argument. *Grynberg v. Total S.A.*, 538 F.3d 1336, 1354 (10th Cir. 2008) (citation omitted). And even if plaintiffs had properly raised the argument, they cite a non-binding case that does not necessarily reflect the law of this Circuit. *See, e.g.*, *West v. Evergreen Highlands Ass'n*, 213 F. App'x 670, 674 n.3 (10th Cir. 2007) ("State rules of procedure provide various means to attack a wrongfully obtained judgment. . . . Construing *Rooker-Feldman* to permit federal reconsideration and nullification of state judgments on grounds that could have been pursued in state court arguably allows under the rubric of collateral

-2-

-3-

attack just another mechanism for lower federal court review unauthorized under [28 U.S.C.] § 1257.").  There is no basis under which plaintiffs are entitled to relief.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider (Doc. 62) is denied.

Dated this 28th day of August, 2014, at Kansas City, Kansas.

                                               s/ Carlos Murguia
                                               **CARLOS MURGUIA**
                                               **United States District Judge**