IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHARLES R. CHILDRESS and** ) | |
| **MICHELLE E. CHILDRESS,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Case No. 13-2563-CM** |
| v. ) | |
| ) | |
| **BANK OF AMERICA, N.A., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiffs Charles R. and Michelle E. Childress brought this action, pro se, claiming that defendants improperly foreclosed on their property. The court dismissed the case under the *Rooker-Feldman*[1] doctrine. Now pending before the court is Defendant Bank of America, N.A.'s Motion for Award of Attorneys' Fees from Plaintiffs (Doc. 61). Defendant Bank of America, N.A. ("BANA") contends that plaintiffs' mortgage document provides that defendant BANA may recover attorney fees. Under that agreement, defendant BANA seeks $7,858.00 in fees.

Section 22 of the mortgage agreement that plaintiffs executed with Countrywide Bank, FSB, provides, "Lender shall be entitled to collect all reasonable expenses incurred in pursuing the remedies provided in Section 22, including but not limited to reasonable attorneys' fees . . . ." (Doc. 66-2 at 9.) Defendant BANA is Countrywide's successor, and Section 22's remedies include foreclosure.

Defendant BANA acknowledges that this action itself is <u>not</u> the actual foreclosure proceedings. But defendant was required to respond to this action to defend itself and the foreclosure judgment it received in state court. Therefore, defendant claims, it may recover attorney fees under the mortgage agreement in the instant action because this case is essentially an attempted continuation of the state

---

[1] *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923).

foreclosure proceedings. Defendant cites this court's order of dismissal (Doc. 59), stating that plaintiffs' claims were "either [previously] decided by [the] state court in the foreclosure action or are inextricably intertwined with the state foreclosure proceedings." (Doc. 66 at 3.)

Plaintiffs do not directly dispute that the mortgage agreement provides for attorney fees under these circumstances. Instead, the substance of their response brief provides as follows:

> Plaintiffs could not respond to the Motion for award of attorneys fees without having an itemized detailed description of what the fees [were] for. The motion had no hourly rate, no hours of time spent and no description of what the unreasonable fee was for.
>
> The defendant's attorneys did nothing more than submit documents that had been created by someone else and submitted in the state court proceedings, claiming the Rooker-Feldman Act and claim to have spent hours of time on their document at an unjust and unreasonable rate.
>
> Plaintiffs do not consent to the defendant's attorney's fees which are unjust, unreasonable and not affordable.

(Doc. 68 at 1.)

Plaintiffs then filed a separate memorandum in support of their opposition, which provides these additional statements:

> Plaintiffs did not contact, contract, enquire or hire the defendant's attorneys. The Plaintiffs are in no way shape or form obligated to pay the attorneys fees for Bank of America. Jennifer Berhorst and law firm were hired by Bank of America and have already been paid by Bank of America as stated in Doc 66-2 - Affidavit of Jennifer Berhorst.
>
> The defendants and their attorneys have made the Plaintiffs homeless by fraudulently taking their money, equity and their home. The Plaintiffs are not obligated and do not consent to the fees. Trying to save their home against the fraudulent actions of the defendant and their attorneys, Plaintiffs could barely afford to pay the filing fee for the suit or to pay for an attorney to represent them. Without the means to pay for their own attorney it is not possible for the Plaintiffs to pay for the defendant's attorney.

(Doc. 71 at 1–2.)

The court understands that plaintiffs did not hire defense counsel and may not have the funds to pay attorney fees. But this alone is not a reason to deny defendant BANA's motion. The mortgage agreement provides that the lender may recover attorney fees for pursuing its remedies for breach of contract—including foreclosure. This action was essentially a continuation of defendant BANA's foreclosure action. The fact that plaintiffs did not elect the correct forum to pursue their dispute (i.e., a state court appeal) does not change the fact that they continue to oppose the foreclosure. The court therefore finds that contractually, defendant BANA is entitled to its reasonable attorney fees.

In calculating reasonable attorney fees, the court follows a two-step process. First, the court multiplies the number of hours reasonably expended by a reasonable hourly fee, resulting in the "lodestar" amount. *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party moving for attorney fees "bears the burden of . . . documenting the appropriate hours expended and the hourly rate." *Case v. Unified Sch. Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998). The lodestar figure "is the presumptively reasonable fee." *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1493 (10th Cir. 1994). Second, the court may adjust the lodestar upward or downward as necessary. *Blum*, 465 U.S. at 888.

To satisfy its burden, the party requesting fees must submit "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case*, 157 F.3d at 1250 (citing *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)). "The prevailing party must make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998). The court will reduce the hours claimed if the attorneys' records are inadequate or fail to precisely document the time necessary to complete specific tasks. *Hensley*, 461 U.S. at 433–34; *Case*, 157 F.3d at 1250.

Contrary to plaintiffs' representation, defendant BANA did attach an affidavit with detailed invoices for the court to review.  The court has reviewed the records submitted by defense counsel.  The attorneys kept meticulously detailed, contemporaneous time records of their work.  The court can determine from the description of each task that the amount of time spent on that task was reasonable under the circumstances.  The court sees no excess amount of time spent on any given task.  And it appears that tasks were handled by an associate when appropriate and by a partner when appropriate.  Based on the time records submitted by defendant BANA, the court finds that the total of 32.20 hours spent defending this action is reasonable.

Plaintiffs do not challenge the reasonableness of defense counsel's hourly rates.  The court finds, based on the evidence submitted by defendant BANA, as well as the court's own knowledge of prevailing rates charged by attorneys in the Kansas City area, that the hourly rates charged are reasonable based on the professional skills, experience, and reputation of the attorneys, particularly regarding this type of litigation.  Based on these rates, as well as the reasonable hours set forth above, the court arrives at a lodestar figure of $7,858.00.

Plaintiffs have given the court no reason to adjust the lodestar, and the court finds none.  The court finds the lodestar amount commensurate with the success that defendant BANA achieved in this case.  After believing the case was resolved in the state foreclosure action, defendant BANA was required to defend itself in this court against claims that were clearly prohibited by the *Rooker-Feldman* doctrine.  New attorneys had to review the case and defend plaintiffs' motion for a temporary restraining order, as well as other motions and filings.  The issues were not overly complex, but defense counsels' time spent researching and presenting them was appropriate for their complexity.  For all of these reasons, the court finds that the lodestar is fair and reasonable.  Defendant BANA is entitled to recover all of its attorney fees.

**IT IS THEREFORE ORDERED** that Defendant Bank of America, N.A.'s Motion for Award of Attorneys' Fees from Plaintiffs (Doc. 61) is granted.

Dated this  10th  day of October, 2014, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**